**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 7 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ARVIDAS LEONO PUTAUSKAS;
VIRGINIA JONO PUTAUSKIENE;
SIMONAS ARVIDO PUTAUSKAS,

      Petitioners,

v.

JOHN ASHCROFT,

      Respondent.

No. 03-9500
(INS Nos. A76 798 846;
A76 798 847; A76 798 848)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **O'BRIEN** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioners Arvidas Putauskas, Virginia Putauskiene, and Simonas Putauskas petition for review of an order of the Board of Immigration Appeals (BIA) summarily affirming the immigration judge's denial of petitioners' request for asylum, for withholding of removal under the Immigration and Nationality Act (INA), and for adjustment of status. [1] Petitioners contend that the immigration judge erred in finding that they had failed to timely file their petition for asylum. Petitioners appear also to challenge the denial of their withholding of removal under the INA and their adjustment of status. [2] We dismiss the petition for review for asylum and adjustment of status. We deny the petition for withholding of removal and affirm the BIA's decision.

## I.    Asylum

Respondent argues that this court lacks jurisdiction to review petitioners' challenge to the immigration judge's decision that the asylum petition was not timely filed. We agree. This court held recently that we lack jurisdiction to

---

[1]      The immigration judge also denied petitioners' request for withholding of removal under the United Nations Convention Against Torture. Petitioners waived this issue because they did not raise it before the BIA. *See Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991).

[2]      Petitioners' appellate briefing has been less than adequate. They failed to include a statement of the issues presented for review or a summary of the argument as required by Fed. R. App. P. Rule 28 and 10th Cir. R. 28. Without the aid of these road maps, petitioners' argument is less than clear. In addition, they chose not to file a reply brief that might have assisted in clarifying the issues for the court.

-2-

review a determination related to the timeliness of an asylum application. *See Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1234-35 (10th Cir. 2003). Statutory support for this holding comes from 8 U.S.C. § 1158(a)(3) as explained in the *Tsevegmid* opinion:

> Section 1158(a)(3) expressly provides that the courts do not have "jurisdiction to review any determination" on whether the alien filed his application within a year of entry or whether "changed circumstances" exist "which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application."

*Tsevegmid,* 336 F.3d at 1235.

The immigration judge ruled here that the petitioners did not file their asylum applications within the applicable one-year deadline and they did not meet any of the exceptions to the one-year rule. This court has no jurisdiction to review this ruling. We therefore do not address the substance of petitioners' arguments concerning timeliness.

## II. Withholding of Removal

Section 1158(a)(3) applies only to asylum requests and does not strip this court of its jurisdiction to review a denial of withholding of removal. *See Tsevegmid*, 336 F.3d at 1235. Because the BIA summarily affirmed the immigration judge's decision, this court reviews the judge's analysis as if it were the BIA's. *See id.* "The BIA's findings of fact are conclusive unless the record

demonstrates that 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (citations omitted).

Because petitioners admit that they were not persecuted in the past, they must establish that "it is more likely than not that [they] would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion upon removal to that country." *See* 8 C.F.R. § 208.16(b)(2). Courts have held that this requires petitioners to show "a clear probability of persecution" which is a higher standard than that for asylum. *See Krastev v. INS*, 292 F.3d 1268, 1271 (10th Cir. 2002). Petitioners testified before the immigration judge that they would be persecuted if they were removed to Lithuania because of having been in the United States and because they would be considered to be returning to Lithuania with a considerable amount of money. *See* Admin. R. at 56. Another witness testified that the police cannot protect the people in Lithuania and that some of the authorities are corrupt. She believes that the petitioners would be in danger if they returned to Lithuania because of the length of time they have been in the United States. *See id.* at 58.

The immigration judge found that there did not "appear to be a clear nexus between the harm which the respondents fear and one of the protected grounds. [They] are required to show that they would suffer harm because of their race, religion, nationality, membership in a particular social group or political opinion."

*See id.* at 63-64. The immigration judge found also that while the petitioners established that there is some possibility that they would be harmed if they returned to Lithuania, they did not go so far as to show that the harm is "more likely than not to occur." *Id.* at 65. Accordingly, the immigration judge held that petitioners had not met the higher burden of proof for establishing entitlement to withholding of removal.

After reviewing the briefs and the record, we cannot conclude that a reasonable adjudicator would be compelled to reject the immigration judge's findings of fact.

### III. Adjustment of Status

In April 1998, petitioners were informed that they were among those randomly selected and registered for further consideration in the DV-99 diversity immigrant lottery program for fiscal year 1999 (October 1, 1998 to September 30, 1999). Admin. R. at 238A. Selection did not guarantee petitioners a visa because the number of applicants selected was greater than the number of visas available. *See id.* Based upon their selection to the lottery, petitioners applied for an adjustment of status under 8 U.S.C. § 1255. Under this section, an alien's status may be adjusted in the Attorney General's discretion if the alien files an application, the alien is eligible to receive a visa and is admissible for permanent residence, and an immigrant visa is immediately available. *See id.* § 1255(a).

But an alien "who is in unlawful immigration status on the date of filing the application or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry" is ineligible for adjustment. *Id.* § 1255(c).

Petitioners' initial request for adjustment was denied. In July 1999, petitioners' counsel renewed petitioners' adjustment application. On September 29, 1999, petitioners' renewed adjustment application was denied because petitioners had been out of status since April 1, 1996 (the first day after their B-2 visitor's visas expired), and were therefore ineligible. On October 1, 1999, the diversity visa lottery expired of its own terms.

In the proceedings before the immigration judge, petitioners argued that the denial of the adjustment of status application was improper and that the application should have been granted. The immigration judge noted that he would not be able to approve an adjustment of status based on the 1999 diversity visa lottery due to the fact that those visa numbers were no longer available. Admin. R. at 51. He found that he did not have any jurisdiction to fashion equitable remedies or rectify any alleged error. *Id.* at 52. As a result, he did not express an opinion as to whether or not the petitioners would have been granted adjustment of status if he had been authorized to entertain the application. *Id.* In their brief, petitioners concede that "the Immigration Judge essentially ruled correctly that he

-6-

did not have the authority to fashion an equitable remedy." Pet. Br. at 11; *see also id.* at 21 ("Petitioners do not dispute the Immigration Judge's conclusion that he lacked the authority to fashion equitable remedies.").

Because petitioners concede the correctness of the immigration judge's decision and they do not dispute his conclusion that there is no remedy for their request, this court dismisses the petition as moot. "Generally an appeal should be dismissed as moot when events occur that prevent the appellate court from granting any effective relief." *Phelps v. Hamilton*, 122 F.3d 885, 891 (10th Cir. 1997) (quotation omitted). The lottery visa offered to petitioners was only good until the last day of the fiscal year in which the application was submitted or September 30, 1999. *See* 22 C.F.R. § 42.33(a)(1) ("The eligibility for a [lottery] visa . . . ceases at the end of the fiscal year in question. Under no circumstances may a consular officer issue a visa or other documentation to an alien after the end of the fiscal year during which an alien possesses diversity visa eligibility."). Because there are no longer any visas available under the 1999 lottery, there is no relief that this court could grant to petitioners.

Accordingly, we DISMISS the petition for review of the asylum application for lack of jurisdiction and we DISMISS the petition for review of the adjustment of status claim as moot. We DENY the petition for review of the withholding of removal claim and we AFFIRM the BIA's decision.

Entered for the Court

Bobby R. Baldock
Circuit Judge