# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J.  Fisher, Jr.                                        Elisabeth A. Shumaker
Clerk                                                          Chief Deputy Clerk

August 15, 1997


**TO:**   All recipients of the captioned opinion

**RE:**   95-3338, Phelps v. Hamilton
          August 12, 1997


Please be advised of the following correction to the captioned decision:

On page two of the caption page of the opinion, case number 95-3338 is shown as an appeal from the United States District Court for the District of Colorado.  The correct lower court is the United States District Court for the District of Kansas.

Please make the appropriate correction.

Very truly yours,

Patrick Fisher, Clerk


Susie Tidwell
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 12 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

| | |
|---|---|
| FRED W. PHELPS, SR.; JONATHAN B. PHELPS; KARL D. HOCKENBARGER; CHARLES F. HOCKENBARGER; BENJAMIN C. PHELPS; CHARLES WILLIAM HOCKENBARGER; MARGIE M. PHELPS; MARY HOCKENBARGER; FRED W. PHELPS, JR.; BETTY J. PHELPS; MARGIE J. PHELPS; BRENT D. ROPER; SHIRLEY L. PHELPS-ROPER; PAULETTE K. PHELPS; CHRIS R. DAVIS; REBEKAH A. PHELPS-DAVIS; ELIZABETH M. PHELPS; TIMOTHY B. PHELPS; LEE A. PHELPS; RACHEL I. PHELPS; ABIGAIL R. PHELPS; DEBORAH KAY HOCKENBARGER, JENNIFER HOCKENBARGER, THERESA A. DAVIS, and GEORGE H. STUTZMAN, JR., additional adult members/picketers of Westboro Baptist Church; SHARON M. PHELPS, SARA L. PHELPS, ELIZABETH JEAN PHELPS, by and through their mother Betty J. Phelps, MEGAN PHELPS-ROPER, REBEKAH PHELPS-ROPER, ISAIAH PHELPS- ROPER, SAMUEL PHELPS-ROPER, JOSHUA PHELPS-ROPER, by and through their mother Shirley L. Phelps-Roper, JACOB Z. PHELPS, by and through his mother Margie J. Phelps, JAMES HOCKENBARGER, KATHERINE HOCKENBARGER, by and through their mother Deborah Kay Hockenbarger, JAEL M. PHELPS, JOSHUA M. PHELPS, JACOB M. PHELPS, JOSEPH M. PHELPS, by and through through their mother Paulette K. Phelps, minor members and/or picketers of Westboro Baptist Church, | No. 95-3338 |
| Plaintiffs-Appellants, | |
| v. | |

JOAN HAMILTON, in her official capacity )
as District Attorney; THE STATE OF KANSAS, )
Third Judicial District, by all individual judges )
thereof, full time, part time, assigned or )
otherwise, in their official capacities, )
                                       )
           Defendants-Appellees. )

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 95-4045-TL)

---

Elizabeth M. Phelps, Phelps-Chartered, Topeka, Kansas, and Margie J. Phelps, Topeka, Kansas, for Plaintiffs-Appellants.

Carla J. Stovall, Attorney General, and Kevin D. Case, Office of the Attorney General, Topeka, Kansas, and Deanne Watts Hay, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, Kansas, for Defendants-Appellees.

---

Before BRORBY, HENRY, and MURPHY, Circuit Judges.[*]

---

HENRY, Circuit Judge

---

In this appeal, plaintiffs-appellants seek review of the district court's dismissal of

their 42 U.S.C. § 1983 action seeking declaratory and injunctive relief against defendants-

---

[*]     After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

2

appellees, Shawnee County District Attorney Joan Hamilton and the State of Kansas, Third Judicial District. The plaintiffs' suit arises from nine state criminal prosecutions commenced against six of the plaintiffs in March 1995. The district court dismissed the underlying § 1983 action on <u>Younger</u> abstention and Eleventh Amendment immunity grounds. Prior to reviewing the substantive holdings of the district court, we address the threshold question of whether we have appellate jurisdiction to consider the plaintiffs' appeal. For the reasons set forth below, we hold that we have jurisdiction over this appeal and affirm the judgment of the district court.

## BACKGROUND

The forty plaintiffs in this case are members of the Westboro Baptist Church in Topeka, Kansas who are involved in anti-homosexual protests and picketing in Shawnee County, Kansas and other locations within and outside the State of Kansas. The plaintiffs initiated this 42 U.S.C. § 1983 suit seeking injunctive and declaratory relief against defendants with regard to nine state criminal prosecutions filed against six of the plaintiffs arising from their anti-homosexual picketing.[1] Those six plaintiffs--Benjamin

---

[1] The underlying state court prosecutions which are the subject of this appeal are as follows:

Benjamin C. Phelps
  Case 95-CR-01022: Battery
Fred W. Phelps, Sr.
  Case 95-CR-01023: Battery/Assault

3

C. Phelps, Fred W. Phelps, Sr., Charles W. Hockenbarger, Jonathan B. Phelps, Karl D. Hockenbarger, and Charles F. Hockenbarger--seek to have the court declare that the nine criminal prosecutions and defendant Hamilton's prosecutorial policies are unconstitutional because they are based on "bad faith motive." In addition, the six plaintiffs, along with thirty-four members of the Westboro Baptist Church and/or picketers who have not been prosecuted, seek to enjoin any future prosecutions which "are unconstitutional and based upon a bad faith motive" against any of them.

The district court addressed plaintiffs' claims in three orders relevant to this appeal. First, on June 28, 1995, the district court granted the State's motion to dismiss the action against it on Eleventh Amendment immunity grounds and denied the plaintiffs' motion to amend to include the name of the state court judge in charge of the criminal proceedings. Second, on July 14, 1995, the district court granted defendant Hamilton's motion to dismiss based on the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971), and denied the plaintiffs' motion for a preliminary injunction. The

---

Case 95-CR-01027: Disorderly Conduct (two counts)
Charles W. Hockenbarger
        Case 95-CR-01024: Battery/Criminal Restraint
Jonathan B. Phelps
        Case 95-CR-01025: Battery/Criminal Restraint
        Case 95-CR-01030: Disorderly Conduct
Karl D. Hockenbarger
        Case 95-CR-01026: Battery/Assault
        Case 95-CR-01029: Battery/Criminal Restraint
Charles F. Hockenbarger
        Case 95-CR-01028: Battery

4

district court entered its judgment dismissing the action on July 17, 1995.  Finally, on

August 31, 1995, the district court denied the plaintiffs' post-judgment motions for relief,

entering judgment on that order on September 11, 1995.  The plaintiffs then filed their

notice of appeal on October 10, 1995.

In this appeal, the plaintiffs raise three principal arguments: (1) that the district

court erred in abstaining under the Younger doctrine; (2) that the district court erred in

dismissing this action without conducting a hearing on the plaintiffs' motion for a

preliminary injunction; and (3) that the district court erred in dismissing the State of

Kansas, Third Judicial District as a defendant without permitting the plaintiffs the

opportunity to amend their complaint to name the state court judge to whom the criminal

cases had been assigned.

Prior to addressing the plaintiffs' arguments, we consider sua sponte the

jurisdictional question of whether the notice of appeal was timely filed under Fed. R.

App. P. 4(a)(4) where it was filed more than thirty days after the entry of the district

court's August 31 order denying the plaintiffs' post-judgment motions.[2]

---

[2]        Defendant Hamilton has filed a "Motion for Leave to Supplement the Record in Regard to Mootness and Jurisdictional Issues."  We grant her motion and supplement the record to reflect the current status of the nine underlying state court criminal proceedings.  This supplemental information demonstrates that at least three of the six plaintiffs charged in state court--Charles W. Hockenbarger, Karl D. Hockenbarger, and Charles F. Hockenbarger--no longer have any criminal charges pending against them in state court.  While we have serious reservations about whether these three plaintiffs as well as the thirty-four uncharged plaintiffs in this case can demonstrate constitutional standing to seek prospective equitable relief, see Phelps v. Hamilton, No. 95-3251 at 7-

**DISCUSSION**

## I. Timeliness of the Plaintiffs' Notice of Appeal

The first question we must address is whether the thirty day period for filing a notice of appeal under Fed. R. App. P. 4(a) ran from August 31, 1995, when the district court entered an "order" denying the plaintiffs' post-judgment motion, or from September 11, 1995, when the "judgment" on that order was entered.

Fed. R. App. P. 4(a)(1) provides that an appeal in a civil case "must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from." Generally, "a party need not file a notice of appeal until a separate judgment has been filed and entered" by the district court. Bankers Trust Co. v. Mallis, 435 U.S. 381, 385 (1978) (citing Fed. R. Civ. P. 58, which provides that "[e]very judgment shall be set forth on a separate document"). However, a party may extend the time to appeal by filing certain post-judgment motions specified in Fed. R. App. P. 4(a)(4), including a motion for a new trial under Fed. R. Civ. P. 59. See Fed. R. App. P. 4(a)(4). If a party timely files one of the specified post-judgment motions, "the time for

11, we note that the three remaining plaintiffs--Fred W. Phelps, Benjamin C. Phelps, and Jonathan B. Phelps--are awaiting appeal or retrial and therefore can demonstrate a present "case or controversy" under Article III of the United States Constitution. Because at least three of the plaintiffs do have standing, we have jurisdiction over this appeal and proceed to analyze the plaintiffs' common arguments.

appeal for all parties runs from the entry of the <u>order</u> disposing of the last such motion outstanding." Fed. R. Civ. P. 4(a)(4) (emphasis added).

In the present case, after the district court granted both defendants' motions to dismiss, the plaintiffs filed a "Motion for New Trial, Amendment of Judgment, Relief from Judgment, to Alter, Amend or Modify Judgment, to Set Aside Judgment and/or for Reconsideration and Renewed Motion for Stay of State Court Criminal Proceedings." <u>See</u> Aplt's App. vol. V, at 1232 (Motion dated July 25, 1995).[3] After considering the plaintiffs' arguments under both motions, the district court on August 31, 1995 denied the plaintiffs' motions in a four-page "Order". <u>See</u> <u>id</u>. at 1257-60 (Dist. Ct. Order dated Aug. 31, 1995). Shortly thereafter, on September 11, 1995, the district court entered a separate "Judgment" reaffirming its August 31 order.

While this court has not directly addressed the question of whether the denial of a post-judgment motion covered under Rule 4(a)(4) abrogates Fed. R. Civ. P. 58's separate judgment requirement, we need not do so here because the district court in this case entered a separate judgment after its August 31 order. Because the plaintiffs clearly relied on this later-issued judgment to begin the tolling of the time in which to appeal, we hold in this case that the thirty-day time period began to run from September 11. <u>See</u>

---

[3] The district court construed the plaintiffs' motion as two separate motions-- a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), because the motion was filed within ten days of the court's July 17, 1995 judgment, and a renewed motion to stay the state court criminal proceedings.

<u>Kline v. Department of Health & Human Servs.</u>, 927 F.2d 522, 524 (10th Cir. 1991) ("[W]e are reluctant to hold that because [an order which complies with Rule 58] has been entered, the parties may not appeal from a later separate order which clearly meets the requirements of Rule 58."). The plaintiffs filed their notice of appeal on October 10, 1995--thereby complying with the thirty day period under Fed. R. App. P. 4(a)(1). Accordingly, we accept jurisdiction over this appeal.

## II.  <u>Younger</u> Abstention

In response to defendant Hamilton's motion to dismiss the plaintiffs' claim for lack of subject matter jurisdiction, the district court ruled that it would abstain from exercising jurisdiction under <u>Younger v. Harris</u>, 401 U.S. 37 (1971), because the plaintiffs failed to establish that this case fell within the bad faith and harassment exception to that abstention doctrine. The plaintiffs appeal this ruling, claiming that the district court erred because their complaint alleged prosecutorial bad faith and that the district court improperly placed the burden of proof on the plaintiffs to defeat defendant Hamilton's motion to dismiss.

We review de novo the district court's decision to abstain from exercising jurisdiction under <u>Younger</u>. <u>Phelps v. Hamilton</u>, 59 F.3d 1058, 1063 (10th Cir. 1995) [hereinafter <u>Phelps I</u>] (citing <u>Seneca-Cayuga Tribe v. Oklahoma ex rel. Thompson</u>, 874

8

F.2d 709, 711 (10th Cir. 1989)). In <u>Younger</u>, the Supreme Court held that federal courts, except in the most exceptional circumstances, must dismiss suits for declaratory or injunctive relief against pending state criminal proceedings. 401 U.S. at 43, 53-54. The Court based this restraint on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems. <u>Id</u>. at 44-45. In <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423 (1982), the Court set out a three-part test for determining whether a federal court should abstain in favor of a state proceeding. Before a federal court abstains, it must determine that: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges. <u>Id</u>. at 432.

The Court also recognized in <u>Younger</u> and its companion case, <u>Perez v. Ledesma</u>, 401 U.S 82 (1971), that a federal plaintiff may overcome the presumption of abstention "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown . . . ." <u>Perez</u>, 401 U.S at 85. According to <u>Younger</u>, the irreparable injury must be "'both great and immediate.'" 401 U.S. at 46 (quoting <u>Fenner v. Boykin</u>, 271 U.S. 240, 243 (1926)). Moreover, the "threat to the plaintiff's federally protected rights" is only irreparable if it "cannot be eliminated by . . . defense against a single prosecution." <u>Younger</u>, 401 U.S. at 46. There are three

9

factors that courts have considered in determining whether a prosecution is commenced in bad faith or to harass: (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions. See Phelps I, 59 F.3d at 1065.

According to our decision in Phelps I, on which the district court in this case relies, it is the plaintiff's "heavy burden" to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment. Id. at 1066. Once the plaintiff makes an initial showing of retaliatory animus, then the burden shifts back to the defendant to rebut the presumption of bad faith by offering """legitimate, articulable, objective reasons""" to justify the decision to initiate these prosecutions. Id. (quoting United States v. P.H.E., Inc., 965 F.2d 848, 860 (10th Cir. 1992) (quoting United States v. Raymer, 941 F.2d 1031, 1040 (10th Cir. 1991))). In applying this standard, the district court held that because the plaintiffs failed to carry their burden to demonstrate that the prosecutions were substantially motivated by bad faith or to harass them, Younger abstention should apply.

The plaintiffs first disagree with the district court's use of the standard articulated in Phelps I, arguing that they should not have been required to demonstrate bad faith

10

beyond that alleged in their pleadings. However, the Supreme Court has held that once

the complaint is filed in a § 1983 suit, "the principles of <u>Younger v. Harris</u> should apply

with full force." <u>Hicks v. Miranda</u>, 422 U.S. 332, 349 (1975). As stated in that case:

"Unless we are to trivialize the principles of <u>Younger v. Harris</u>, the federal complaint

should have been dismissed on [defendant's] motion absent satisfactory proof of those

extraordinary circumstances calling into play one of the limited exceptions to the rule of

<u>Younger v. Harris</u> . . . ." <u>Id.</u> at 350. Under this standard, the district court properly placed

the burden on the plaintiffs to come forth with additional, supplemental evidence

regarding defendant's alleged bad faith to withstand <u>Younger</u> abstention.[4]

The plaintiffs' second contention is that the district court erred in ruling that the

bad faith exception to the <u>Younger</u> doctrine did not apply in this case. While the

plaintiffs do not dispute the initial application of the <u>Younger</u> doctrine to their claim, they

do contend that the bad faith exception to the <u>Younger</u> doctrine should apply to defeat

_____

[4]     The plaintiffs also argue that the procedural posture of <u>Phelps I</u> is
distinguishable because it was decided on a summary judgment motion, not a motion to
dismiss. However, in the underlying case, the district court held an evidentiary hearing
on the abstention question and both parties were permitted to present evidence on the
abstention question and bad faith exception. As recognized in <u>Brown v. Zavaras</u>, 63 F.3d
967 (10th Cir. 1995), "a court may convert a . . . motion to dismiss into a summary
judgment proceeding in order to consider matters outside of the plaintiff's complaint."
<u>Id</u>. at 969. In so doing, the court is required to give the parties notice and allow them the
opportunity to present to the court all material made pertinent to such motion. <u>Id</u>. In this
case, the district court met this requirement by convening the evidentiary hearing and
allowing the parties to present evidence on the bad faith issue. <u>See</u> Aplts' Br. att. B, at 1
(Dist. Ct. Order dated June 21, 1995).

11

abstention. Specifically, they contend that the evidence demonstrates that: (1) defendant Hamilton and her husband have frequently communicated personal animosity and hostility toward the plaintiffs; (2) defendant Hamilton made statements in her campaign for district attorney that she would prosecute the plaintiffs; and (3) the plaintiffs have been subjected to a substantial number of prosecutions indicative of retaliatory animus.

After thoroughly reviewing the record in this case, we agree with the district court that the plaintiffs failed to carry their burden of demonstrating that the bad faith exception to the Younger doctrine should apply. In fact, several of the plaintiffs' arguments are similar to arguments previously made by one of the plaintiffs and rejected by this court in Phelps I.

With regard to the plaintiffs first argument, this court held in Phelps I that "demonstrating a history of personal animosity between the prosecutor and the [state court] defendant is not, by itself, sufficient to show that a prosecution was commenced in bad faith." 59 F.3d at 1067. As to the second argument, we noted in Phelps I that statements made by defendant Hamilton in the course of a political campaign related to a political debate over law enforcement. "To view these statements as indicative of bad faith or harassment in subsequent prosecutions would intervene into prosecutorial discretion in case selection and chill political debate during campaigns for prosecutor." Id. at 1068. In considering the plaintiffs' final argument, we note that while defendant Hamilton has filed 20 cases against members of the Westboro Baptist Church since she

12

has been in office, during that same time she has filed a total of 143 assault cases, 1,649 battery cases, 74 criminal restraint cases, and 84 disorderly conduct cases--including several against counter-demonstrators. See Aples' Supp. app. vol. IV, at 1504-1545 (Count of Specific Cases filed from Jan. 1, 1993-June 21, 1995). In view of the nature of the plaintiffs' protests and activities, we cannot say that this relatively small number of prosecutions rises to the oppressive level necessary to trigger the bad faith exception to the Younger doctrine. In conclusion, we hold that the plaintiffs have not demonstrated the existence of extraordinary circumstances that would render a state court unable to provide them a full and fair hearing on their federal claims.

### III. The Plaintiffs' Motion for a Preliminary Injunction

After the district court dismissed the plaintiffs' suit against defendant Hamilton on abstention grounds, the court also denied the plaintiffs' motion for a preliminary injunction in which they sought enjoin the underlying state court prosecutions. The plaintiffs now argue that the district court erred in denying them a full hearing on their request for a preliminary injunction.

We review a district court's denial of a preliminary injunction for an abuse of discretion. Chemical Weapons Working Group, Inc. v. United States Dep't of the Army, 111 F.3d 1485, 1489 (10th Cir. 1997). "An abuse of discretion occurs only when the trial

13

court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig., 669 F.2d 620, 623 (10th Cir. 1982).

The question of whether to preliminarily enjoin an ongoing state court proceeding is precluded after Younger abstention is applied. As pointed out by the First Circuit in Brooks v. New Hampshire Supreme Court, 80 F.3d 633 (1st Cir. 1996): "When Younger applies, the district court must refrain from reaching the merits of the plaintiff's claims and, thus, there is no real possibility--let alone a likelihood--that the plaintiff will succeed in the action. A fortiori, there can be no abuse of discretion in refusing to grant preliminary injunctive relief." Id. at 637. It would be illogical for a federal court to preliminarily enjoin a state court proceeding when it is required to abstain from reviewing the state court proceeding altogether. Thus, the district court correctly refrained from conducting a hearing on the plaintiffs' motion for a preliminary injunction.

## IV. The Plaintiffs' Motion to Amend their Complaint

The plaintiffs' final argument is that the district court erred in dismissing the State of Kansas as a defendant without allowing the plaintiffs to amend their complaint to substitute the name of the state judge hearing the underlying state cases. Because we

14

conclude that our abstention holding moots this issue, we do not proceed to the merits of the plaintiffs' argument.

The constitutional mootness doctrine is grounded in Article III's requirement that federal courts only decide "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "Generally an appeal should be dismissed as moot when events occur that prevent the appellate court from granting any effective relief." Thournir v. Buchanan, 710 F.2d 1461, 1463 (10th Cir. 1983). The central question in determining whether a case has become moot is whether "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969).

In the present case, the Younger abstention doctrine requires that this court and the district court abstain from exercising jurisdiction over the plaintiffs' § 1983 suit. Because neither we nor the district court has jurisdiction to hear the plaintiffs' case, we cannot grant the plaintiffs effective relief with regard to their challenge to the district court's ruling on their motion to amend. This inability to grant effective relief renders this issue moot. See Pursifull v. Eakin, 814 F.2d 1501, 1506 (10th Cir. 1987) (holding that district court's abstention decision rendered moot the separate question of whether the district court had properly rejected the bankruptcy court's conclusions). Accordingly, we dismiss the plaintiffs' appeal of the district court's decision denying their motion to amend their complaint. See id.

**CONCLUSION**

For the foregoing reasons, we affirm the judgment of the district court abstaining from exercising jurisdiction under <u>Younger</u>. We also affirm the district court's denial of the plaintiffs' motion for a preliminary injunction and dismiss as moot the plaintiffs' appeal of the district court's decision denying their motion to amend their complaint.