**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 2 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ANTHONY RYLEE,

       Plaintiff-Appellant,

v.

LARRY G. MASSANARI,[*] Acting
Commissioner of the Social Security
Administration,

       Defendant-Appellee.

No. 00-2030
(D.C. No. CIV-98-1314-JC/DJS)
(D. N.M.)

**ORDER AND JUDGMENT** [**]

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

[*]      On March 29, 2001, Larry G. Massanari became the Acting Commissioner
of Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Massanari is substituted for Kenneth S. Apfel as the
appellee in this action.

[**]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's dismissal of his action seeking review of the administrative law judge's (ALJ) denial of plaintiff's application for social security disability benefits or, in the alternative, mandamus relief. We dismiss the appeal as moot.

Plaintiff applied for disability benefits in 1991, and the ALJ issued his decision denying benefits on April 12, 1993. Two days later, plaintiff requested review of that decision by the Appeals Council. Sometime thereafter, the agency lost plaintiff's file. Despite ongoing inquiries to the agency, plaintiff was not informed of the loss until September 1998. When, on October 20, 1998, the agency had yet to reconstruct plaintiff's file and the Appeals Council had yet to rule on plaintiff's request for review, plaintiff filed the present action in district court. Plaintiff asserted two claims for relief, one for review of the ALJ's decision under 42 U.S.C. § 405(g), and one for mandamus relief under 28 U.S.C. § 1361.

The Commissioner initially moved the district court to remand the action to the agency so that it could reconstruct plaintiff's file and the Commissioner could then issue a final decision. Later, the Commissioner withdrew this motion and moved to dismiss the action for lack of jurisdiction. The Commissioner argued

that because plaintiff had not yet exhausted his administrative remedies he could not obtain judicial review under § 405(g). Plaintiff responded by arguing that the Commissioner had waived the exhaustion requirement by his earlier conduct in the judicial proceedings or, in the alternative, that the court should waive the exhaustion requirement. Plaintiff also argued that, even if the court had no jurisdiction under 42 U.S.C.§ 405(g) to review the ALJ's decision, it still had jurisdiction to grant mandamus relief under 28 U.S.C. § 1361.

The district court rejected plaintiff's argument that the Commissioner had waived the exhaustion requirement. The court also concluded that judicial waiver of the requirement was not appropriate either. Finally, the court determined that mandamus relief was not appropriate because plaintiff had an adequate remedy in § 405(g). Accordingly, the court granted the Commissioner's motion and dismissed plaintiff's case without prejudice. This appeal followed.

By order of this court entered February 26, 2001, we directed the parties to file a joint status report detailing the progress of plaintiff's case in the Social Security Administration since August 2000. The Commissioner filed a status report [1] in which he stated that plaintiff's file was fully reconstructed and a

---

[1] The Commissioner stated in his report that he attempted several times to discuss the contents of the status report with plaintiff's counsel so they could file a joint report, as ordered, but he was unable to do so. Plaintiff's counsel neither filed a separate status report nor objected to the report filed by the Commissioner.

-3-

hearing scheduled before a new ALJ. When the case came on for hearing, the ALJ determined that he could not proceed without further evidence, so he vacated the hearing and ordered two consultative examinations. The exams were scheduled for January 29, 2001 and February 13, 2001, respectively. As of March 1, the Albuquerque Office of Hearing and Appeals had not yet received either consultative report, and the Commissioner did not know whether plaintiff had actually attended either of the examinations.

Based on the Commissioner's status report, we ordered the parties to submit supplemental briefs addressing whether this appeal is moot, either in whole or in part. "Because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction, the court must determine whether a case is moot before proceeding to the merits." *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1181-82 (10th Cir. 2000) (quotation omitted).

In his supplemental brief, the Commissioner states that, since the filing of the status report, the agency has received both consultative examination reports, and the ALJ has scheduled a hearing for April 11, 2001. The Commissioner argues that the appeal is now moot because the original file has been reconstructed, it has been supplemented with new evidence, and a new hearing has been set before an ALJ, who will vacate the previous ALJ's 1993 decision.

Plaintiff does not contest the Commissioner's recitation of events, but argues that the case is not moot because he is back in the position he found himself in October 1992. He is once again awaiting a decision by the ALJ that, if unfavorable, will have to go through further administrative procedures before becoming final. Plaintiff contends there is no guarantee that he will not face the same sorts of delay he did before, and he contends that given the extreme delay he has suffered to date, further administrative process should occur only on an expedited, court-scheduled basis. [2]

"Generally an appeal should be dismissed as moot when events occur that prevent the appellate court from granting any effective relief." *Phelps v. Hamilton*, 122 F.3d 885, 891 (10th Cir. 1997) (quotation omitted). "The crucial question is whether granting a present determination of the issues offered . . . will have some effect in the real world." *Citizens for Responsible Gov't*, 236 F.3d at 1182 (quotation omitted; alteration in original).

Based upon our review, we conclude the matters before us are now moot. Plaintiff originally sought judicial review under § 405(g) of an unfavorable ALJ decision issued in April 1993. That decision has been, or shortly will be, vacated

---

[2] Plaintiff asks that we set the following deadlines: thirty days for the ALJ to issue a new decision; sixty days for the Appeals Council to perform its review, if necessary; and sixty days for the agency to commence payment of benefits, if applicable.

and replaced by a new decision to be issued following the hearing that was held April 11, 2001. [3] Thus, even if we were to waive plaintiff's failure to exhaust his administrative remedies with respect to the 1993 ALJ decision, our review of that decision would be for nought.

Plaintiff's request for mandamus relief also is moot. That claim focused primarily on reconstruction of the record. The record has now been reconstructed and supplemented with more recent evidence. Plaintiff has not suggested that the record as currently constituted is inadequate for decision on his application for benefits. In any event, if plaintiff has a complaint with the record as it is currently constituted, he can pursue that complaint in a future proceeding under § 405(g) once he obtains a final agency decision based on the current record. Likewise, to the extent that plaintiff's mandamus claim sought other relief related to the 1993 ALJ decision, that claim is now moot. There is no point in ordering the Appeals Council to review the ALJ's 1993 decision because it is soon to be replaced by a new decision. If the new decision also is unfavorable, plaintiff can seek Appeals Council review of that decision and, if necessary, judicial review under § 405(g).

---

[3] As the parties have not informed us otherwise, we assume the hearing went forward on April 11 as scheduled.

If plaintiff encounters unreasonable delay in obtaining a new, final judgment from the agency, he can apply to the district court for mandamus relief. The matters before us concern only the unfavorable 1993 decision, however, and we cannot grant plaintiff any of the relief he seeks with respect to that decision.

Plaintiff's motion to expedite the appeal is DENIED, and this appeal is DISMISSED as moot.

Entered for the Court

Michael R. Murphy
Circuit Judge