**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-1131**

———————

DERRICK BARRY, individually and d/b/a Tom
Catz, a sole proprietorship,

                                        Plaintiff - Appellant,

        versus

SUMTER COUNTY, a political subdivision of the
State of South Carolina,

                                        Defendant - Appellee.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Cameron McGowan Currie, District
Judge.  (CA-03-2612-3)

———————

Submitted:  August 24, 2005        Decided:  September 22, 2005

———————

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Suzanne E. Coe, Greenville, South Carolina, for Appellant.  William
H. Davidson, II, Kenneth P. Woodington, DAVIDSON, MORRISON AND
LINDEMANN, P.A., Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Derrick Barry claimed the Sumter County, South Carolina, zoning ordinances governing adult entertainment establishments constituted an impermissible prior restraint on First Amendment rights. We have reviewed the record and find no reversible error.

Barry claims the district court erred when it granted the County's motion for summary judgment and dismissed his case because he lacked standing. This court reviews de novo a district court's order granting summary judgment. Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004).

Barry claims that the district court erred when it ruled that he did not apply for an adult use business license. Barry first applied for a license to operate a business of private exotic entertainers, but when the County attempted to categorize his application as one for an adult use business, Barry protested that his operations would not involve nudity. Barry attempted to avoid the adult use classification by instead applying for a license to operate as a nightclub, but the county rejected his application. Throughout the application process Barry took every measure to avoid the adult use characterization and cannot now claim that he applied for an adult use permit. The district court did not err in finding that Barry did not apply for an adult use license.

In order to satisfy Article III's case or controversy requirement, a litigant in federal court is required to establish

its own injury in fact, that there is a causal connection between the injury and the challenged conduct, and that it is likely that the injury will be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Typically a plaintiff may only invoke its own constitutional rights and may not claim rights of others not before the court. See Laird v. Tatum, 408 U.S. 1, 14 n.7 (1972). However, a litigant "has standing to challenge a statute on the ground that it delegates overly broad licensing discretion to an administrative office, whether or not his conduct could be proscribed by a properly drawn statute, and whether or not he applied for a license." Freedman v. Maryland, 380 U.S. 51, 56 (1965).

In his complaint, Barry challenged zoning ordinances governing adult entertainment establishments. He had the ability to challenge those ordinances even though he did not apply for an adult use license. Freedman, 380 U.S. at 56. However, to have standing to satisfy the case or controversy requirement, Barry must still have met the requirement of an injury in fact. Secretary of State of Maryland v. Joseph H. Munson Co., 467 U.S. 947, 958 (1984); see also Phelps v. Hamilton, 122 F.3d 885 (10th Cir. 1997) (stating that a plaintiff bringing a First Amendment facial challenge to a statute must still satisfy the injury in fact requirement in order to demonstrate standing). As Barry did not intend to operate an adult use business, he did not show any injury

in fact from the adult use provisions he sought to challenge.  The district court thus did not err in dismissing Barry's complaint for lack of standing.

Accordingly, we affirm the district court's order granting the County's motion for summary judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED