**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHRISTOPHER YANCEY,

Plaintiff-Appellant,

v.

HONORABLE STEPHEN BONNER,
in his official capacity as Associate
District Judge of the 20th Judicial
District,

Defendant-Appellee.

No. 08-6220
(D.C. No. 5:08-CV-00539-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Plaintiff Christopher Yancey appeals from a district court order applying

the Younger[1] abstention doctrine in dismissing his lawsuit against defendant

Stephen Bonner, an Oklahoma state court judge who presided over the contested

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]     Younger v. Harris, 401 U.S. 37 (1971).

adoption of Yancey's biological child. We have jurisdiction under 28 U.S.C.

§ 1291, and affirm.

Yancey, a member of the Muscogee (Creek) Indian Nation of Oklahoma,

fathered a child out of wedlock with a non-Indian woman in 2002. Shortly after

the child was born, the mother relinquished her parental rights and placed the

child with non-Indian prospective adoptive parents. The mother requested a

judicial determination that the child was eligible for adoption by a non-Indian

family and without the consent of the father, Yancey. The state trial court

granted her request and terminated Yancey's parental rights.

Yancey appealed this ruling, and, in December 2004, the Oklahoma

Supreme Court reversed the trial court. See In re Baby Boy L., 103 P.3d 1099

(Okla. 2004). The Oklahoma Supreme Court ruled that the Indian Child Welfare

Act, 25 U.S.C. §§ 1901–1963 ("ICWA"),[2] and its Oklahoma counterpart applied

to the adoption proceedings, and that there was insufficient evidence to support

the trial court's finding that the child was eligible for adoption without Yancey's

consent. 103 P.3d at 1108.

On remand, after a succession of petitions to terminate Yancey's parental

---

[2]     The ICWA provides "minimum Federal standards for the removal of Indian
children from their families and the placement of such children in foster or
adoptive homes which will reflect the unique values of Indian culture." 25 U.S.C.
§ 1902. Among other provisions, the ICWA gives preference, in the absence of
good cause shown, to members of the Indian child's family, tribe, and other
Indian families in adoptive placement. Id. § 1915.

rights and an intervening Oklahoma Supreme Court decision awarding the prospective adoptive parents interim custody, the state trial court, on February 19, 2008, ruled the adoption could proceed without Yancey's consent, notwithstanding the mandates of the ICWA. On March 19, 2008, Yancey appealed that decision to the Oklahoma Supreme Court and that appeal is still pending. Yancey also filed this action in federal district court on May 20, 2008, claiming the defendant's rulings in the state adoption proceeding have deprived him of his Fourteenth Amendment rights, as well as the protections afforded by the ICWA.

The defendant filed two motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6): the first motion was based on absolute immunity; the second, on Younger abstention as the adoption proceeding was still ongoing. The district court did not reach the immunity question, but rather concluded federal abstention was appropriate in light of Yancey's pending appeal before the Oklahoma Supreme Court.

The district court applied the abstention standards set forth in Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982),[3] and determined that the state appeal undoubtedly constituted an ongoing state judicial

---

[3]    Under Middlesex, "[b]efore a federal court abstains, it must determine that: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997).

proceeding even though the state was not a party. It further explained that under Tenth Circuit precedent, "'adoption and child custody proceedings are an especially delicate subject of state policy,'" even with respect to Indian children whose placement is governed by the ICWA. Aplt. App'x at 100 (quoting Morrow v. Winslow, 94 F.3d 1386, 1393 (10th Cir. 1996)). Finally, the court concluded Yancey had a sufficient opportunity to raise his federal claims in the state proceeding, as evidenced by the Oklahoma Supreme Court's explicit sanctioning of his ICWA claim in his first appeal. Finding no applicable exception to the Younger doctrine under the circumstances, the court concluded abstention was warranted and dismissed Yancey's action

Yancey raises one issue[4] on appeal: Whether the district court erred in applying abstention when 25 U.S.C. § 1914 of the ICWA authorizes independent federal review of state court decisions involving the ICWA. As regards the question presented, the facts are not in dispute. This case turns on pure issues of law, which we review de novo. Yellowbear v. Wyo. Atty. Gen., 525 F.3d 921, 923 (10th Cir. 2008)

Yancey appears to acknowledge that this case is governed by Morrow, but he urges us to reject Morrow's majority opinion in favor of the dissent, claiming

---

[4]     Yancey phrases this issue in three different ways: "1. Whether the Indian Father has a right to have [a] state court adoption decision reviewed by the federal court pursuant to Title 25 U.S.C. § 1914? 2. Whether the Trial Court properly abstained? 3. Whether the Trial Court properly dismissed?" Aplt. Br. at 1.

it is particularly persuasive under the facts of his case. This we cannot do. "We cannot overrule the judgment of another panel of this court. We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." In re Smith, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam). In Morrow, a case with strikingly similar facts, we held that the ICWA was not "intended to allow federal court interdiction of ongoing state custody disputes involving Indian children." 94 F.3d at 1395. Moreover, the majority specifically rejected the dissent's argument that § 1914 of the ICWA authorizes federal court intervention in ongoing custody proceedings.

> [W]e do not believe that preemptive federal collateral attacks, such as Morrow's, are what Congress intended to permit in § 1914. Instead, we believe that § 1914 and related provisions of the ICWA do not preclude our consideration of abstention.

Id. (footnote omitted).

This case is governed by Younger, Middlesex and Morrow, which mandate abstention. We AFFIRM the judgment of the district court for substantially the same reasons articulated in its memorandum opinion and order, dated September 12, 2008.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
