FILED
United States Court of Appeals
Tenth Circuit

July 10, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES L. BROWN, SR.,

      Petitioner - Appellant,

v.

STATE OF KANSAS,

      Respondent - Appellee.

No. 13-3002
(D.C. No. 5:12-CV-03206-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

James Brown filed several pro se motions in federal district court while detained

and awaiting trial in Kansas state court. The district court construed Brown's filings as

seeking relief under 28 U.S.C. § 2241. See Gallagher v. Shelton, 587 F.3d 1063, 1067

(10th Cir. 2009) (pro se filings must be construed liberally). Because Brown sought

federal court interference in an ongoing state court proceeding, the district court held that

Brown's claims were barred by Younger v. Harris, 401 U.S. 37 (1971). It further

concluded that Brown did not show that any of Younger's exceptions applied. See

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997) (Younger does not bar relief "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown" (quotation omitted)). The district court denied relief and denied a certificate of appealability ("COA").

Brown seeks to appeal that decision. A state prisoner may not appeal the denial of habeas relief under § 2241 without a COA. See Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This standard requires Brown to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

On appeal, Brown wholly fails to address the basis for the district court's ruling. He does not contest the court's characterization of his filings as seeking § 2241 relief. Nor does he address the district court's conclusion that Younger abstention bars his claims. Although we must construe Brown's pro se papers liberally, "our role is not to act as his advocate." Gallagher, 587 F.3d at 1067. Brown has failed to advance any reasoned argument challenging the district court's decision. Accordingly, we **DENY** a COA and **DISMISS** the appeal. We also **DENY** his motion to proceed in forma pauperis given the lack of "a reasoned, nonfrivolous argument on the law and facts in support of

the issues raised on appeal." <u>DeBardeleben v. Quinlan</u>, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court


Carlos F. Lucero
Circuit Judge