**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 1, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

J. FREDDRICK MASON,

        Plaintiff - Appellant,

v.

CHRISTINA ZORRILLA; WILLIAM
ROBBINS, Judge; ALISON
SUTHERS; LISA HUGHES,

        Defendants - Appellees.

No. 18-1130
(D.C. No. 1:18-CV-00182-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This case is therefore ordered submitted without oral argument.

Plaintiff J. Freddrick Mason filed a pro se 42 U.S.C. § 1983 complaint

alleging the violation of his religious rights in relation to his arrest, competency

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

hearing, and plea of guilty to state charges of second-degree assault. The magistrate judge issued an order to show cause why the complaint should not be dismissed as uncognizable under § 1983 and as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which prevents a state prisoner from bringing a § 1983 action where a judgment in the plaintiff's favor would necessarily imply the invalidity of an existing criminal conviction or sentence. Plaintiff did not file a timely response to the show cause order. The district court then dismissed the complaint for several reasons, including the *Heck* bar, the fact that his request for injunctive relief was not cognizable in a § 1983 action, and *Younger* abstention, which prohibits federal courts from interfering with ongoing state criminal proceedings absent extraordinary or special circumstances, *see Younger v. Harris*, 401 U.S. 37 (1971).

On appeal, Plaintiff does not address most of the district court's reasons for dismissing his complaint. His only argument on any of the district court's procedural grounds for dismissal is that the court should have found extraordinary circumstances warranting an exception to *Younger* abstention.

Our review of Plaintiff's brief, the record on appeal, and the pertinent cases persuades us this case does not present the type of extraordinary circumstances that would warrant an exception to *Younger*. *See Phelps v. Hamilton*, 122 F.3d 885, 891 (10th Cir. 1997). Moreover, we see no error in the district court's alternative reasons for dismissing the complaint, which Plaintiff has not addressed

in this appeal.

Therefore, for substantially the same reasons given by the district court, we **AFFIRM** the dismissal of this case. Plaintiff's motion to proceed *in forma pauperis* on appeal is **DENIED**.

Entered for the Court


Monroe G. McKay
Circuit Judge