**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ALEJANDRO LOPEZ-VAZQUEZ,

      Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,[*]

      Respondent.

Nos. 18-9522 & 18-9545
(Petition for Review)

_____

**ORDER AND JUDGMENT[**]**
_____

Before **McHUGH**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Alejandro Lopez-Vazquez is a native and citizen of Mexico. He is subject to a

final order of removal based on a 1996 state court drug conviction. In 2014, Lopez[1]

successfully withdrew his 1996 guilty plea. Three years later he filed a motion

_____

[*] In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, William P. Barr is substituted for Jefferson B. Sessions, III, as the
respondent in this action.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

[1] We follow Petitioner's lead in using his first surname only.

asking the Board of Immigration Appeals (BIA) to sua sponte reopen his removal proceedings based on the vacatur of the state court conviction that had served as the basis for removability. Distinguishing this court's decision in *Contreras-Bocanegra v. Holder*, 678 F.3d 811 (10th Cir. 2012) (en banc), the BIA concluded it lacked jurisdiction to sua sponte reopen Lopez's removal proceedings. Lopez filed a petition for review of that decision with this court, No. 18-9522, and he also filed a motion to reconsider with the BIA. In his motion to reconsider, Lopez argued that the BIA had erred in distinguishing *Contreras-Bocanegra*, and under that decision the BIA did have jurisdiction to sua sponte reopen his removal proceedings. The BIA disagreed that it had erred in its jurisdictional determination, but also concluded that an exercise of its discretion to reopen proceedings sua sponte was not warranted in Lopez's case, even assuming it had jurisdiction. The BIA denied reconsideration, and Lopez filed petition No. 18-9545. The two petitions were procedurally consolidated for our consideration.[2]

Because the BIA assumed on reconsideration that it had jurisdiction and rejected Lopez's motion for sua sponte reopening on the merits, Lopez's petition for review challenging the BIA's jurisdictional ruling, No. 18-9522, is moot. And we lack jurisdiction to review the BIA's discretionary decision to deny sua sponte reopening, No. 18-9545. As a result, we dismiss both petitions for review.

---

[2] Separate agency records were filed in each case. We cite to the agency record for No. 18-9545 because it contains all the materials necessary for our review of both petitions.

2

## Background

Lopez is a native and citizen of Mexico who is married to a U.S. citizen and has many U.S. citizen children. He entered the United States without admission or inspection in January 1992. Lopez was seventeen in 1996 when he pleaded guilty in Utah state court to possession of a controlled substance. Based on that conviction, immigration authorities charged Lopez as removable. After a hearing and unsuccessful appeal, he was removed to Mexico in 1998. Following his removal, Lopez attempted to reenter the United States illegally several times and was either excluded or removed. Lopez last reentered illegally in 2001.

In 2014, Lopez filed a motion in Utah state court to withdraw and vacate his 1996 guilty plea based on lack of jurisdiction and ineffective assistance of counsel. The state court initially reduced his conviction to a misdemeanor and later granted the motion and ordered the plea withdrawn and vacated. The state subsequently filed an amended information charging Lopez with possession of benzylfentanyl, and Lopez pleaded guilty to that charge. According to Lopez, the conviction carries no immigration consequences.

In December 2017, the Department of Homeland Security (DHS) issued a notice of intent to reinstate the 1996 removal order. Lopez asked for an asylum interview; the asylum officer found no reasonable fear of persecution and Lopez was returned to DHS for removal. He filed a petition for review of the reinstated removal order in the Ninth Circuit. That petition remains pending. Lopez has been released on bond, but he remains under DHS supervision.

On January 5, 2018, Lopez filed a motion to reopen his original removal proceedings. The motion was untimely, but Lopez asked the BIA to sua sponte reopen his proceedings because the controlled substances conviction upon which his removal was predicated had been vacated rendering it void ab initio. The BIA denied the motion, concluding it lacked jurisdiction to consider the untimely motion due to the post-departure bar contained in 8 C.F.R. § 1003.2(d). In doing so, the BIA distinguished *Contreras-Bocanegra*, which it acknowledged invalidated the post-departure bar as to timely motions to reopen.

Lopez filed a petition for review of the denial of the motion to reopen with this court, No. 18-9522, and at the same time, he filed a motion to reconsider with the BIA. In his motion to reconsider, he argued that the BIA had misinterpreted *Contreras-Bocanegra* and erred in its jurisdictional ruling. He asked the BIA "to grant his motion to reconsider and consider his substantive arguments regarding his motion to reopen in the first instance." R. at 52.

The BIA denied the motion to reconsider. It disagreed that it had erred in its jurisdictional determination, but it went on to hold that even assuming it had jurisdiction, Lopez had not demonstrated exceptional circumstances that would warrant an exercise of its discretion to sua sponte reopen proceedings. The basis for this alternative ruling was three-fold. First, Lopez's history of flaunting immigration laws by repeatedly reentering the United States after his removal weighed against an exercise of discretion. Second, Lopez's lack of diligence in waiting more than three years after his criminal conviction was vacated to file his motion to reopen also

4

weighed against an exercise of discretion. The BIA noted this delay was particularly concerning given that Lopez had cited the immigration consequences of his 1996 guilty plea in seeking to withdraw the plea. Finally, although the BIA acknowledged Lopez's ties to the United States—his U.S. citizen wife and children—as equities, it noted that Lopez had not identified any particular hardship that would result to his family if immigration proceedings were not reopened, nor had he submitted any statements to that effect. As a result, the BIA concluded it would decline to exercise its discretion to sua sponte reopen, even if it had jurisdiction to do so, and it denied the motion to reconsider. Lopez petitions for review of this denial in No. 18-9545.

**Discussion**

*18-9522*

Lopez challenges the BIA's determination that it lacked jurisdiction to sua sponte reopen his removal proceedings. He argues the BIA's application of the post-departure bar to his case was contrary to *Contreras-Bocanegra* and contrary to the BIA's own precedent. Lopez made the same argument when he asked the BIA to reconsider the denial of his motion for sua sponte reopening. Although the BIA disagreed that it had erred in its jurisdictional ruling, it also considered whether Lopez had demonstrated exceptional circumstances that would warrant an exercise of its discretion to sua sponte reopen.

Because the BIA considered the merits of Lopez's request for sua sponte reopening when it denied his motion to reconsider, petition No. 18-9522 is moot. *Phelps v. Hamilton*, 122 F.3d 885, 891 (10th Cir. 1997) (noting that a case becomes

5

moot when events occur that make it impossible for a court to grant any effective

relief). A determination by this court that the BIA erred in its application of the post-

departure bar and a remand to the BIA to consider the merits of Lopez's motion for

sua sponte reopening would be an exercise in futility. The BIA has already done

that.[3]

*No. 18-9545*

Generally, we review the BIA's denial of both a motion to reopen and a

motion to reconsider for an abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1359,

1362 (10th Cir. 2004). But we have no jurisdiction to review the BIA's discretionary

decision whether to sua sponte reopen or reconsider removal proceedings. *Id.* at

1361. This is so because there are no standards by which to judge the BIA's

unfettered discretion to sua sponte reopen or reconsider. *Id.* We do, however, retain

limited jurisdiction to review "constitutional claims or questions of law raised in a

petition for review." *Salgado-Toribio v. Holder*, 713 F.3d 1267, 1271 (10th Cir.

2013) (internal quotation marks omitted).

As to the BIA's conclusion that Lopez had not shown exceptional

circumstances that would warrant sua sponte reopening, we lack jurisdiction.

Although Lopez insists that the BIA erred in basing its decision on his history of

illegal reentries, lack of diligence in filing his motion to reopen, and lack of evidence

---

[3] Because we conclude that No. 18-9522 is moot, we do not address Lopez's arguments that the BIA's application of the post-departure bar is contrary to both *Contreras-Bocanegra* and BIA precedent.

of severe hardship to his family, the BIA considered these factors in the course of exercising its unfettered discretion. Lopez's attempts to cast these factors as raising legal issues subject to our jurisdiction are unavailing. In short, his arguments boil down to disagreement with the BIA's evaluation of the circumstances of his case and its ultimate discretionary determination that sua sponte reopening was not warranted. We see no legal issues underlying the BIA's reasoning that we have jurisdiction to review, and we lack jurisdiction to review its discretionary decision.

## Conclusion

For the foregoing reasons, No. 18-9522 is dismissed as moot and No. 18-9545 is dismissed for lack of jurisdiction.

Entered for the Court

Carolyn B. McHugh
Circuit Judge