**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

**August 28, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

FRANKLIN C. SMITH,

    Petitioner - Appellant,

v.

SHERIFF OF SHERIDAN COUNTY
JAIL, in his official capacity, also known
as Levi Dominguez; SHERIDAN CHIEF
OF POLICE, in his official capacity, also
known as Travis Koltiska; WYOMING
ATTORNEY GENERAL,

    Respondents - Appellees.

_____

FRANKLIN C. SMITH,

    Petitioner - Appellant,

v.

SHERIDAN COUNTY SHERIFF, a/k/a
Levi Dominguez,

    Respondent - Appellee.

_____

No. 24-8005
(D.C. No. 2:23-CV-00223-ABJ)
(D. Wyo.)

No. 24-8020
(D.C. No. 2:24-CV-00050-ABJ)
(D. Wyo.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Franklin Smith, a Wyoming pretrial detainee appearing pro se, seeks a certificate of appealability (COA) in each of these cases in order to challenge the district court's denial of 28 U.S.C. § 2241 petitions he filed challenging various aspects of his pending criminal proceedings in the State of Wyoming. We deny a COA in each case and dismiss these matters. We also deny Mr. Smith's pending motions.

I

*A. Appeal No. 24-8005*

Mr. Smith initiated District Court Case No. 23-CV-223-ABJ by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Smith alleged in his petition that he was wrongfully arrested at the Quality Inn in Sheridan, Wyoming, on November 10, 2023, and improperly charged with trespassing, destruction of property, and breach of the peace. Mr. Smith further alleged that he was being unlawfully detained and wrongfully imprisoned at the Sheridan County Detention Center pending trial on the criminal charges. Additionally, Mr. Smith alleged that the state district judge overseeing his criminal proceedings wrongfully denied his pro se motion to dismiss the criminal charges and abused her power by setting a high bond. Mr. Smith sought relief in the form of immediate release from confinement.

Shortly after Mr. Smith filed his petition, the district court issued a show cause order noting a number of potential deficiencies in the petition. In particular, the district court noted it was clear from the petition that Mr. Smith had failed to exhaust his state court remedies. The district court therefore ordered Mr. Smith to show cause within

thirty days why his petition should not be dismissed without prejudice for failure to exhaust available state court remedies.

Mr. Smith did not file a response to the show cause order and instead filed a motion for recusal and a motion for a temporary restraining order against several employees of the Sheridan County Detention Center.  The district court denied those motions and granted Mr. Smith three weeks to file an amended habeas petition.

Mr. Smith responded by filing an amended petition seeking relief under § 2241. Mr. Smith alleged in his amended petition that he was entrapped and improperly arrested because he was not given any trespassing warnings prior to his arrest.  Mr. Smith also alleged that his defense counsel in the state criminal proceeding was ineffective and was attempting to prolong Mr. Smith's pretrial incarceration in order to force him to plead guilty to the charges.  The amended petition also appeared to allege that the state trial court failed to provide Mr. Smith with a prompt probable cause hearing and was depriving him of his right to a speedy trial.  Like the original petition, the amended petition sought relief in the form of Mr. Smith's immediate release from custody.

On January 24, 2024, the district court issued an order dismissing Mr. Smith's amended petition under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971).  In doing so, the district court noted there was an ongoing state criminal proceeding against Mr. Smith in the Wyoming state courts, the Wyoming state courts provided an adequate forum to hear the claims asserted by Mr. Smith in his amended petition, and the ongoing state criminal proceedings involved important state interests because they involved alleged violations of Wyoming state criminal law.  The district

court in turn concluded there were no applicable exceptions to the *Younger* abstention doctrine that would allow it to interfere in the state court proceedings by addressing the merits of the amended petition.

Mr. Smith filed a motion for reconsideration.  The district court denied that motion and declined to issue a COA.

Mr. Smith filed a notice of appeal, resulting in Appeal No. 24-8005, and now seeks a COA from this court.

### B.  Appeal No. 24-8020

Shortly before he filed his amended petition in District Court Case No. 23-CV-223-ABJ, Mr. Smith filed a pro se petition for writ of habeas corpus pursuant to § 2241 in the United States District Court for the Western District of Washington.  That petition also challenged the legality of Mr. Smith's detention and pending state criminal proceedings in the State of Wyoming.  More specifically, the petition alleged that: the local law enforcement officers who arrested him in Sheridan, Wyoming, for trespassing entrapped and unlawfully detained him without due process; those same officers also conducted an unlawful search; the state district court judge imposed an excessively high bond; and his appointed counsel was ineffective.  The petition further alleged that the Americans with Disabilities Act entitled Mr. Smith to greater protections in the ongoing state criminal proceedings.

The Western District of Washington transferred the case to the District of Wyoming, where it was assigned District Court Case No. 24-CV-00050-ABJ.  Shortly after the transfer, the district court in the District of Wyoming issued an order dismissing

the petition under the *Younger* abstention doctrine.  In doing so, the district court adopted the same analysis it utilized in dismissing Mr. Smith's amended petition in the first case. The district court also declined to issue a COA.

Mr. Smith filed a notice of appeal, resulting in Appeal No. 24-8020, and now seeks a COA from this court.

II

It is well established that "a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever 'the detention complained of in the petition arises out of process issued by a State court.'"  *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (brackets omitted) (quoting 28 U.S.C. § 2253(c)(1)(A)).  Where, as here, the district court denies a petition on procedural grounds without reaching the merits of the constitutional claims, the petitioner must, in order to obtain a COA, show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's procedural ruling.  *See id.* at 485.

"In *Younger*, the Supreme Court held that federal courts, except in the most exceptional circumstances, must dismiss suits for declaratory or injunctive relief against pending state criminal proceedings."  *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Younger*, 401 U.S. at 43, 53–54).  The Supreme Court has since "set out a

three-part test for determining whether a federal court should abstain in favor of a state proceeding." *Id.* (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Under that test, a federal court should abstain in favor of a state proceeding if it determines that: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Id.*

The district court determined these three requirements were satisfied in both of the cases that Mr. Smith filed. After reviewing the records on appeal, we conclude that jurists of reason would not find the district court's determinations debatable. To begin with, it is undisputed that Mr. Smith is the subject of pending state criminal proceedings in the State of Wyoming. Further, the Supreme Court itself "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). And, lastly, we have no doubt that the pending state criminal proceedings provide Mr. Smith "a fair and sufficient opportunity for vindication of [his] federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). Thus, Mr. Smith has failed to satisfy one of the two necessary showings for issuance of a COA.

III

For these reasons, we deny Mr. Smith a COA in each case and dismiss these

6

matters.  We also deny all of Mr. Smith's pending motions, including his motions for leave to proceed in forma pauperis.

                                        Entered for the Court


                                          Allison H. Eid
                                          Circuit Judge