FILED
United States Court of Appeals
Tenth Circuit

October 21, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FLOYD STRICKLAND,

     Petitioner-Appellant,

v.

EDDIE WILSON, Warden, Wyoming
Department of Corrections; DAVID
FREUDENTHAL, Wyoming
Governor; JON OZMINT, Director,
South Carolina Department of
Corrections; MARK SANFORD,
South Carolina Governor,

     Respondents-Appellees.

No. 10-8057

(D.C. No. 2:10-CV-00022-WFD)
(D. Wyo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

---

Floyd Strickland seeks a Certificate of Appealability ("COA") pursuant to

28 U.S.C. § 2253 in order to challenge the district court's denial of his petition

for a writ of habeas corpus. At the time that Strickland filed his petition, he was

serving sentences in a Wyoming state prison for two arson convictions.

Strickland sought to prevent his potential extradition to South Carolina on an

escape charge and a declaratory judgment that he could not be tried in South

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

Carolina on the escape charge. The district court dismissed Strickland's petition pursuant to the doctrine of <u>Younger v. Harris</u>, 401 U.S. 37 (1971), which generally prohibits federal courts from interfering with ongoing state criminal proceedings. While his application for a COA was pending, Strickland was extradited to South Carolina, where he is currently in custody. Because Strickland has not made the required showing for a COA to issue, his application for a COA is denied.

I

On September 24, 1969, and again on October 8, 1969, in South Carolina, Strickland was convicted of receiving stolen goods. ROA at 136, 138. Also on October 8, 1969, Strickland was convicted of escaping from the Horry County, South Carolina jail. <u>Id.</u> at 160, 163. He was sentenced to prison, and subsequently paroled on November 3, 1971. <u>Id.</u> at 140.

On April 19, 1972, in South Carolina, Strickland pled guilty to the charges of housebreaking and larceny, and was sentenced to three years' imprisonment. On May 13, 1972, Strickland escaped from prison. On June 7, 1978, Strickland's parole on the 1969 sentences was revoked. <u>Id.</u> at 144.

At some point after he escaped from the South Carolina prison, Strickland was convicted in North Carolina of safecracking, for which he received a sentence of twenty to thirty years' imprisonment. <u>See id.</u> at 146, 150, 160. On July 25, 1973, the South Carolina Probation, Parole and Pardon Board elected to allow

2

Strickland to serve his South Carolina revoked parole sentences concurrently with his North Carolina sentence.[1]  Id. at 130.  On August 15, 1976, the United States District Court for the Eastern District of North Carolina issued a writ of habeas corpus, and Strickland was released from North Carolina's custody.

A South Carolina arrest warrant was issued on charges relating to the 1972 escape on December 17, 1986, and a similar North Carolina arrest warrant was subsequently issued.  On February 2, 1987, Strickland made an appearance on a fugitive charge in North Carolina court.  It appears that the fugitive charge was dismissed by the prosecutor on June 4, 1987.  Id. at 158.

Almost fourteen years later, in Wyoming, Strickland was convicted of first and second degree arson, and sentenced on September 10, 2001 to 120-215 months' imprisonment and 60-108 months' imprisonment, to run concurrently.

On January 30, 2007, South Carolina requested that Wyoming place a detainer on Strickland for the offenses of housebreaking and larceny and escape. On April 4, 2008, the Wyoming State Board of Parole granted Strickland parole to the South Carolina detainer, upon completion of his minimum sentence.  Id. at 89. Strickland's earliest possible parole eligibility date was July 3, 2008.  However, that date was extended "for some time" due to "disciplinary infractions and

---

[1] Contrary to Strickland's assertion, the South Carolina Probation, Parole, and Pardon Board's decision related only to his revoked parole on the 1969 sentences.  There is no evidence that this decision affected the unserved portion of Strickland's sentence on the 1972 housebreaking conviction.

resultant good time losses." Id. at 91.

Strickland filed a habeas petition in the United States District Court for the District of Wyoming, challenging the detainer. The district court dismissed the petition based on Younger abstention, failure to exhaust state remedies, and failure to state a claim upon which relief could be granted.[2] Id. at 57-66 (Findings of Fact, Conclusions of Law, and Order Dismissing Petition for Writ of Habeas Corpus dated April 21, 2008).

Strickland then filed a petition for writ of habeas corpus in Wyoming state court. The petition was denied, but the Wyoming state district court subsequently entered an order granting Strickland's motion to reconsider. The order stated:

> [T]he Court considers Petitioner's Petition for Writ of Habeas Corpus as evidence that he wishes to test the legality of his arrest pursuant to South Carolina's requested detainer and extradition in accord with Wyo. Stat. § 7-3-210. . . . The Court accepts Petitioner's Petition for Writ of Habeas Corpus as . . . fulfilling Petitioner's obligation to apply for a writ of habeas corpus. In that regard, the Court will grant Petitioner's Motion to Reconsider and will allow Petitioner to test the legality of his arrest and extradition through his Petition for Writ of Habeas Corpus. Similarly, pursuant to Wyo. Stat. § 7-3-210 the Court shall by separate order set a hearing on this matter.[3]

Id. at 84-85 (Order Granting Petitioner's Motion to Reconsider Order Denying Petition for Writ of Habeas Corpus and Motion for Appointment of Counsel dated

---

[2] For some reason which is not evident, the district court did not enter a judgment until almost a year later. ROA at 82 (Judgment dated Mar. 20, 2009).

[3] The Wyoming court did not, as Strickland contends, grant his habeas petition. It merely granted his motion to reconsider the denial of the petition.

4

Dec. 9, 2008).

On April 1, 2009, a Governor's Warrant for Strickland's arrest and transport to South Carolina was issued pursuant to a Requisition from the Governor of South Carolina. Id. at 93. The Requisition stated that Strickland was charged with escape in South Carolina, and attached copies of the indictment, plea, and sentence on the housebreaking and larceny charge and the arrest warrant on the escape charge. Id. at 94-104.

Strickland then filed a habeas petition in South Carolina state court. On October 2, 2009, the Clerk of Court sent Strickland a letter informing him that his application for filing in forma pauperis was denied, and that "the $150.00 filing fee will be required to get this action on file." Id. at 111. The record does not contain evidence of any further proceedings on Strickland's South Carolina petition. Strickland also filed a request for the South Carolina Supreme Court to entertain original jurisdiction over his petition, which was denied.

Strickland filed the instant habeas petition in the United States District Court for the District of Wyoming on February 9, 2010. His statement of the issues presented for review is:

> A. Does papers in requisition support the requirements of the Uniform Criminal Extradition Act and whether Governor's Warrant and supporting papers set aside formal requirements of statute?
>
> B. Is the petitioner a fugitive from justice as alleged in the papers in the Governor's warrant or plausibly show that he is person actually sought and was he in demanding jurisdiction at time of commission

5

of alleged offense?

Id. at 18 (Petition for a Writ of Habeas Corpus dated Feb. 9, 2010). He seeks the

following relief:

> Petitioner moves this Court to grant this Petition for Writ of Habeas
> Corpus and Order this Governor's Warrant and Detainer removed
> from his prison file and order it to be without force or effect. To
> issue a Declaratory Judgment Action against the South Carolina
> Department of Corrections with a declaration that this three (3) year
> prison sentence was consumed by the North Carolina Sentence
> through the orders of the South Carolina Probation, Parole and
> Pardon Board, Director J.C. Moore, in July 25, 1973.

Id. at 41. The district court treated Strickland's petition as a challenge to the

South Carolina proceedings and dismissed the petition on the basis of Younger

abstention. Id. at 493-99 (Order Granting Respondents' Motions to Dismiss dated

May 10, 2010). The district court did not address Strickland's claim that the

extradition proceedings in Wyoming were improper. Id. Strickland subsequently

filed a Motion to Alter or Amend Judgment, essentially arguing that Younger

abstention was inappropriate because he was challenging the Wyoming

extradition and not the South Carolina criminal proceedings. The district court

denied the motion.

After filing a notice of appeal, Strickland filed an Emergency Motion for

Stay of Execution or State Judgment and Order in this court, Doc. No. 9796269,

which was denied. Attached to the motion are copies of court records showing

that Strickland's Wyoming state court petition was dismissed on July 12, 2010,

6

for lack of prosecution, and that the Second Judicial Circuit Court of Wyoming held an extradition hearing on July 30, 2010, which Strickland attended by teleconference. An Order of Extradition was entered by the Second Judicial Circuit Court of Wyoming on August 12, 2010. Doc. No. 9796645, at 2. On October 6, 2010, Strickland submitted a Motion to Submit Newly Discovered Evidence, in which he represents that he was transported to a South Carolina prison facility. Doc. No. 9804220.

## II

A petitioner must obtain a COA in order to appeal a district court's denial of a habeas petition.[4] 28 U.S.C. § 2253. We construe Strickland's Notice of Appeal as an application for a COA. Fed. R. App. P. 22(b)(2). A COA may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds[5] and does not reach the prisoner's underlying constitutional claims, a COA may issue only when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

---

[4] Strickland's petition has aspects of a 28 U.S.C. § 2241 petition and a § 2254 petition. The COA requirement applies equally to § 2241 and § 2254 petitions. Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). Thus, we need not parse which statute corresponds to which claims.

[5] The district court's dismissal based on Younger abstention is properly considered a dismissal on procedural grounds for COA purposes because the district court did not reach the merits of Strickland's underlying claims.

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

We review de novo a district court's decision to abstain under Younger. Roe No. 2 v. Ogden, 253 F.3d 1255, 1232 (10th Cir. 2001). Based on our independent review of the record and Strickland's submissions, and construing Strickland's pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we conclude that Strickland has not demonstrated that reasonable jurists would find it debatable whether his petition states a valid claim of the denial of a constitutional right or whether the district court was correct in its procedural ruling. Therefore, we deny Strickland's application for a COA.

III

*Challenge to Wyoming Extradition Proceedings*

The district court did not consider Strickland's challenge to the Wyoming extradition proceedings. The district court erred by focusing on the South Carolina proceedings only. However, this error does not entitle Strickland to a COA because the extradition claim is not a basis for habeas relief against South Carolina, and the district court could not have entertained the claim for relief against Wyoming.

A prisoner cannot challenge his pretrial detention on the basis that he was illegally extradited to the detaining state.

8

> Before a fugitive in custody is extradited to the demanding state, he may challenge the authority of the asylum state by seeking a federal writ of habeas corpus. Yet 'once the prisoner has been returned to the demanding state, the writ of habeas corpus is no longer available to challenge his confinement upon grounds arising in the asylum state.'

Gee v. State of Kansas, 912 F.2d 414, 416 (10th Cir. 1990) (quoting Frisbie v. Collins, 342 U.S. 519, 522 (1952)) (internal citations omitted). Since filing his petition, Strickland was extradited to South Carolina, pursuant to a Wyoming extradition order. To the extent that Strickland seeks to challenge his pretrial detention in South Carolina based on his allegedly illegal extradition to that state, such a claim cannot be pursued in a habeas petition. Illegal extradition does not deprive the receiving state of jurisdiction, nor does it deprive a defendant of due process in the receiving state. See id.; see also Remeta v. Singletary, 85 F.3d 513, 518-19 (11th Cir. 1996) (asylum state's failure to provide pre-extradition hearing does not deprive receiving state of jurisdiction); Eckert v. Tansy, 936 F.2d 444, 450 (9th Cir. 1991) (defendant "cannot be granted habeas relief on the ground of illegal extradition"); Shack v. Attorney General, 776 F.2d 1170, 1172 (3d Cir. 1985) (defects in the extradition process do not justify collateral attack on conviction in receiving state). Therefore, Strickland's alleged illegal extradition is not a proper basis for a habeas claim against South Carolina.

Even before he was extradited, the district court lacked jurisdiction to consider Strickland's challenge to the Wyoming extradition proceedings because

the claim was not exhausted. Exhaustion of available state remedies is a prerequisite to habeas relief under 28 U.S.C. §§ 2241 and 2254. See Garza v. Davis, 596 F.3d 1198, 1204 (10th Cir. 2010) (requiring exhaustion before a § 2241 petition may be brought); 28 U.S.C. § 2254(b)(1). Strickland's Wyoming state court challenge to the extradition proceedings was pending at the time he filed the instant federal habeas petition. Thus, Strickland had not exhausted his state court remedies at the time he filed the instant petition.[6]

Although the district court did not address Strickland's challenge to the Wyoming extradition proceedings, the district court would have been required to dismiss such a challenge. Therefore, Strickland is not entitled to a COA on his claim that the Wyoming extradition proceedings were improper.

*Challenge to South Carolina Proceedings*

Strickland also requests a declaration that South Carolina cannot prosecute him for escape or require him to serve the remainder of his 1972 housebreaking and larceny sentences. The district court dismissed Strickland's petition on the basis of Younger abstention. Reasonable jurists could not debate the district court's conclusion that Younger required the district court to abstain from

---

[6] This is not a case where exhaustion would be futile because the petitioner is unable to challenge his extradition in state court. Strickland's challenge to the detainer and Governor's Warrant was accepted for consideration by the Wyoming court, but subsequently dismissed for failure to prosecute. Further, Strickland did not attempt to appeal the extradition order.

10

entertaining Strickland's challenge to the South Carolina proceedings.

A federal court may not intervene in ongoing state criminal proceedings, absent unusual circumstances. Younger, 401 U.S. 37. A federal court must abstain under Younger when:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

Amanatullah v. Colo. Bd. of Med. Exam'rs, 187 F.3d 1160, 1163 (10th Cir. 1999). However, the doctrine is inapplicable where extraordinary circumstances, such as irreparable injury, can be shown. See Weitzel v. Div. of Occupational and Prof'l Licensing, 240 F.3d 871, 876 (10th Cir. 2001) (finding that plaintiff had not established extraordinary circumstances involving irreparable injury).

Reasonable jurists could not debate that the three requirements of Younger are met here. The South Carolina criminal proceedings are ongoing because Strickland is currently detained pending prosecution on the escape charges and the completion of his 1972 sentences. Also, Strickland may argue in the South Carolina court that he cannot be tried on the escape charge and that his 1972 sentences have been discharged. Finally, the pending South Carolina proceedings involve important state interests — namely, the enforcement of state criminal laws and completion of state criminal sentences.

11

In Walck v. Edmondson, we held that Younger abstention is unwarranted "where a criminal accused presents a colorable claim that a forthcoming second state trial will constitute a violation of her double jeopardy rights." 472 F.3d 1227, 1234 (10th Cir. 2007). Although Strickland's petition could be construed as raising a double jeopardy claim, such a claim is not colorable. Strickland has presented no evidence suggesting that a trial on the escape charge was ever concluded; he has produced evidence showing only that the prosecutor, at one time, dismissed the charges. Likewise, Strickland has produced no evidence that he was allowed to serve his 1972 sentences concurrently with his North Carolina sentence; he has produced evidence showing only that he was allowed to serve his revocation sentences on the 1969 convictions concurrently with his North Carolina sentence.

Reasonable jurists would agree that the district court was correct in its procedural ruling and that Strickland's petition does not state a valid claim of the denial of a constitutional right. Strickland's request for a COA is DENIED and the matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Chief Judge