FILED
United States Court of Appeals
Tenth Circuit

December 14, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEITH E. FRAZIER,

        Petitioner - Appellant,

v.

PEOPLE OF THE STATE OF
COLORADO; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents - Appellees.

No. 10-1389
(D.C. No. 1:08-CV-02427-CMA)
(D. Colorado)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

This matter is before the court on Keith Frazier's pro se requests for a

certificate of appealability ("COA") and to proceed on appeal *in forma pauperis*.

Frazier seeks a COA so he can appeal[1] the district court's dismissal, on the basis

of lack of subject matter jurisdiction, of his 28 U.S.C. § 2241 petition. *See*

28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a "final order

---

[1]Upon review of the parties' jurisdictional submissions, it is clear that
Frazier placed his notice of appeal in the prison mail system within thirty days of
the entry of the district court's judgment. Accordingly, Frazier's notice of appeal
is timely filed pursuant to the prison mailbox rule. Fed. R. App. P. 4(c)(1);
*Prince v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005).

in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a COA); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that § 2253(c)(1)(A)'s requirements apply when a state habeas petitioner is proceeding under § 2241). We **grant** Frazier's motion to proceed on appeal *in forma pauperis*. Because, however, Frazier has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

In 1997 Frazier pleaded guilty, in Colorado state court, to two misdemeanor counts of indecent exposure to a person under the age of fifteen, in violation of Colo. Rev. Stat. § 18-7-203. By operation of Colorado law, Frazier's convictions for indecent exposure required that he register as a sex offender and comply with the provisions of the Colorado Sex Offender Registration Act. *Id.* §§ 16-22-103, -108. Frazier completed his sentence on the indecent exposure convictions and was released from incarceration on July 3, 2001. Shortly thereafter, however, he was convicted of additional crimes and is currently serving a term of incarceration in the custody of the Colorado Department of Corrections.

On July 6, 2006, Frazier filed in county court for Weld County, pursuant to Colo. Rev. Stat. § 16-22-113(1)(c),[2] a petition to discontinue sex offender

---

[2]Section 16-22-113(1)(c) provides as follows:

(continued...)

registration. The county court denied Frazier's petition. Frazier then appealed to the Weld County District Court. The district court affirmed the denial of Frazier's petition, concluding it was based on a misreading of § 16-22-113(1)(c). In particular, the district court interpreted § 16-22-113(c)(1) as requiring a registrant to be out of prison and living as a member of the community for five years as a prerequisite to petitioning the trial court to discontinue the registration requirement. Thus, the district court concluded, in essence, that the five-year period to discontinue registration set out in § 16-22-113(1)(c) was tolled during the time of Frazier's current incarceration and would not begin to run until Frazier finished his current, unrelated period of incarceration.

Frazier then filed the instant § 2241 petition in Federal district court, asserting the state court's refusal to discontinue his registration requirement

---

[2](...continued)
    (1) . . . [A]ny person required to register pursuant to section 16-22-103 . . . may file a petition with the court that issued the order of judgment for the conviction that requires the person to register for an order that discontinues the requirement for such registration . . . as follows:

> (c) . . . if the offense that required such person to register constituted or would constitute a misdemeanor other than the class 1 misdemeanor of unlawful sexual contact, . . . after a period of five years from the date of such person's final release from the jurisdiction of the court for such offense, if such person has not subsequently been convicted of unlawful sexual behavior or of any other offense, the underlying factual basis of which involved unlawful sexual behavior.

violated his rights under the Eighth and Fourteenth Amendments.  The district court dismissed Frazier's petition for lack of subject matter jurisdiction, concluding that Frazier did not satisfy § 2241's "in custody" requirement.  *See* 28 U.S.C. § 2241(c)(3) (providing that the "writ of habeas corpus shall not extend" unless the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States").  In so concluding, the district court noted that courts had consistently held that being subject to a sex offender registration scheme did not amount to custody.

The granting of a COA is a jurisdictional prerequisite to Frazier's appeal from the denial of his § 2241 petition.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  To be entitled to a COA, Frazier must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Id.* (quotations omitted).  When a district court dismisses a § 2241 motion on procedural grounds, a movant is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct.  *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000).  In evaluating whether Frazier has satisfied his burden, this court undertakes "a

preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Frazier need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

This court need not decide whether the district court's jurisdictional ruling is debatable because reasonable jurists would not find it debatable whether Frazier's § 2241 petition stated a valid constitutional claim. *See Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000) (noting in similar procedural context that this court "will only take a quick look at the federal habeas petition to determine whether [the petitioner] has facially alleged the denial of a constitutional right" (quotation and alteration omitted)). At their bases, all of Frazier's claims for relief rely on the following necessary assertion: the Colorado state courts misinterpreted § 16-22-113(1)(c) in concluding the five-year period therein does not run while a registrant is incarcerated. This pure matter of state law is simply not cognizable in habeas. *Johnson v. Mullin*, 505 F.3d 1128, 1141 (10th Cir. 2007). Furthermore, because Frazier's "constitutional" claims all depend entirely on his assertion Colorado courts have misinterpreted Colorado law, it is simply not debatable that those claims are facially invalid.

Because Frazier asks this court to examine a question of state law, he does not make a "substantial showing of the denial of a constitutional right." 28

-5-

U.S.C. § 2253(c)(2). Accordingly, this court **DENIES** Frazier's request for a

COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge
