FILED
United States Court of Appeals
Tenth Circuit

April 29, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEPHEN HAFF,

      Petitioner - Appellant,

v.

PATRICK FIRMAN, Denver County
Sheriff,

      Respondent - Appellee.

No. 16-1037
(D.C. No. 1:15-CV-02579-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **MATHESON,** and **BACHARACH**, Circuit Judges.

Stephen Haff, a Colorado state prisoner, seeks a certificate of appealability

("COA") to challenge the district court's denial of his 28 U.S.C. § 2241 application for a

writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(1)(A) (stating no appeal may be taken

from a "final order in a habeas corpus proceeding in which the detention complained of

arises out of process issued by a State court" until an applicant obtains a COA); *Montez v.*

*McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (stating § 2253(c)(1)(A)'s requirements

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

apply when a state habeas applicant is proceeding under § 2241). Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss this matter.

## I. BACKGROUND

Mr. Haff is a pretrial detainee at the Denver County Jail. He filed a § 2241 application for a writ of habeas corpus, urging the federal district court to stop the state criminal prosecution. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (holding "§ 2241 is the proper avenue by which to challenge pretrial detention"). The § 2241 application asserted five claims:

1. "It is lawfully impossible for the applicant to violate any statute belonging to the state because the applicant is not and has never been a member, subject, and/or affiliated in any way with the state. . . ."

2. "The applicant is not subject to the Denver County and District Courts. . . . . Both of these courts are legislatively created (corporate) Article I courts of limited jurisdiction and not constitutional Article III courts of competent jurisdiction. . . ."

3. "The state lacks legal standing to bring and maintain [his criminal] case because the state has not suffered an (1) injury in fact (2) to a legally protected interest. . . ."

4. "***Article III. Section 2. Clause 2., of the Constitution for the United States of America***, specifically prohibits any state court from exerting jurisdiction over this case. . . ." (emphasis in original)

5. "Although the underlying matter is called a criminal case. The true nature of the proceeding is of a commercial nature and the state and the state courts exerting jurisdiction over it. Are using a quasi form of admiralty-maritime rules to intentionally deceive the applicant. . . ."

ROA at 47-55.

The district court denied the application without prejudice based on the abstention

doctrine described in *Younger v. Harris*, 401 U.S. 37 (1971). Mr. Haff then filed an application for a COA with this court. The criminal prosecution appears to be ongoing; Mr. Haff has not argued otherwise.

## II. **DISCUSSION**

### A. *Standard of Review*

A COA is necessary to appeal from a district court's denial of a § 2241 application. *See* 28 U.S.C. § 2253(c)(1)(A); *Montez*, 208 F.3d at 869. The district court's denial based on *Younger* abstention constitutes dismissal on procedural grounds because the court did not reach the merits of the applicant's constitutional claims. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (describing standard of review when district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim"); *Strickland v. Wilson*, 399 F. App'x 391, 395 n.5 (10th Cir. 2010) (unpublished) ("The district court's dismissal based on *Younger* abstention is properly considered a dismissal on procedural grounds for COA purposes because the district court did not reach the merits of [the applicant's] underlying claims.").[1]

When a district court denies a § 2241 application on procedural grounds, we may issue a COA only when the applicant shows (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" *and*

---

[1] We find the reasoning of this unpublished opinion, though not precedential, to be instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

(2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484; *Frazier v. Colorado*, 405 F. App'x 276, 278 (10th Cir. 2010) (unpublished).

## B. *Analysis*

Federal courts are generally prohibited from interfering with ongoing state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). *Younger* abstention applies when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889.

Mr. Haff concedes the first two prongs are met. He contends, however, the state proceedings do not provide an adequate forum to present his constitutional claims of error. He points out that the Colorado Supreme Court denied his motion for a stay and his "petition for a writ of habeas corpus." Aplt. Br. at 3. But there is no indication the Colorado Supreme Court has foreclosed a direct appeal or postconviction relief in the event of a conviction.

We are therefore unpersuaded that the state court proceedings do not "afford [Mr. Haff] an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889; *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (noting "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"); *Fisher v. Whetsel*, 142 F. App'x 337, 339

- 4 -

(10th Cir. 2005) (unpublished) ("Because [the applicant] may present a claim for ineffective assistance of counsel in a direct appeal . . . , he has an adequate state forum in which to adjudicate his federal claims."). As the district court stated, "The fact that Mr. Haff's efforts to prevent the State from prosecuting the criminal case against him so far have been unsuccessful does not mean that he has not had, or does not have, an adequate opportunity to present his federal constitutional issues during the state court proceedings." ROA at 76.

In sum, Mr. Haff has not shown "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

## III. **CONCLUSION**

For the foregoing reasons, we deny Mr. Haff's application for a COA, deny his motion for leave to supplement his opening brief, and dismiss this matter.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge