**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 11, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DOUGLAS A. GLASER,

        Petitioner-Appellant,

v.

GARY WILSON,

        Respondent-Appellee.

No. 11-1529
(D.C. No. 1:11-CV-01614-RBJ)
(D. of Colo.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Douglas A. Glaser, a Colorado state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He also requests leave to proceed *in forma pauperis* on appeal. Having jurisdiction under 28 U.S.C. § 1291, we DENY Glaser's request for a COA and DISMISS his appeal. We also DENY his motion to proceed *in forma pauperis*.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

# I. Background

Glaser is an inmate at the Denver County Jail, where he awaits trial on various charges, including securities fraud, possession of a weapon by a previous offender, and criminal impersonation. Glaser was first arrested on February 14, 2005. Since then, the history of his case has been extraordinarily complex, including "eight rescheduled trial dates, two mistrials, three replacements of defense counsel (including one because of a suicide and another because of a mental breakdown mid-trial), one interlocutory appeal by the prosecution, and two petitions to the [S]upreme [C]ourt. . . ." *People v. Glaser*, 250 P.3d 632, 635 (Colo. App. 2010).

The state trial court dismissed the charges against Glaser on speedy trial grounds in 2008, but was reversed by the Colorado Court of Appeals. *Id*. at 635–36. Glaser was then re-arrested in April 2011. He was convicted of the securities fraud charges on January 6, 2012. His remaining charges are set for trial on May 22, 2012.

Meanwhile, Glaser filed a habeas petition in federal district court pursuant to 28 U.S.C. § 2241 asserting a number of claims, including malicious prosecution, speedy trial violations, and double jeopardy violations. The district court dismissed his petition without prejudice under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and denied Glaser a COA. This appeal followed.

# II. Discussion

We review de novo the district court's denial of a § 2241 petition. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

A petitioner may not appeal a denial of habeas relief without a COA. 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, a petitioner must demonstrate a "substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds, a COA should issue only when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Federal courts are prohibited from interfering with ongoing state criminal proceedings absent extraordinary or special circumstances. *Younger*, 401 U.S. at 37. To establish such extraordinary circumstances, a defendant must show he faces a great, immediate, and irreparable injury. *Id*. at 46. This can include showing that state officials are prosecuting the defendant in bad faith. *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

Glaser argues that he should receive a COA because his petition establishes many violations of his constitutional rights. But he fails to argue that reasonable jurists would find it debatable whether the district court correctly applied *Younger*

and dismissed his petition on procedural grounds. *Slack*, 529 U.S. at 484. Our review of Glaser's appellate brief, his habeas petition, and the district court's order reveals the opposite.

Glaser's appellate brief attempts to invoke the malicious prosecution exception to *Younger* by rehashing the same arguments he made before the district court. *See Phelps*, 122 F.3d at 889. Accordingly, we affirm the dismissal of Glaser's petition for substantially the same reasons articulated by the district court.[1] As the district court concluded, no factual basis supported Glaser's claim that the government fabricated evidence or abused its prosecutorial discretion.

Glaser also claims for the first time on appeal that the Colorado Court of Appeals erred when it reversed the dismissal of his case on speedy trial grounds and that the prosecution violated his right to due process by failing to provide him with a bill of particulars, despite a court order to do so. Even if we had jurisdiction to consider these claims, because Glaser did not raise them before the district court, he is barred from asserting them here. *Johnson v. Champion*, 288 F.3d 1215, 1229 (10th Cir. 2002).

---

[1] Although Glaser was convicted on the securities fraud charges after the district court issued its decision, this does not render his petition moot or alter the district court's application of *Younger* because the state criminal proceedings against him are ongoing. He has yet to face trial on his remaining charges, and may appeal his securities fraud convictions to the Colorado Court of Appeals. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 n.13 (1987) (observing that a pending appeal before a state court indicated state proceedings were ongoing for *Younger* purposes).

# III. Conclusion

For the reasons stated above, we DENY Glaser's request for a COA and DISMISS his appeal. Finally, we note that Glaser has filed two previous habeas petitions in federal district court, both of which were also dismissed on *Younger* grounds. *See Glaser v. Wilson*, No. 11-cv-01335-LTB (D. Colo. June 9, 2011); *Glaser v. Lovinger*, No. 07-cv-00843-LTB-BNB (D. Colo. Mar. 3, 2008). Given this history and Glaser's failure to identify a non-frivolous argument that *Younger* should not apply once again, we also DENY his request to proceed *in forma pauperis*. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812–13 (10th Cir. 1997).

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge